IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:15-cr-00316-MO-1 |
| v. | |
| **JAMES EDWARD DUCKETT, III,** | OPINION AND ORDER |
| Defendant. | |

**MOSMAN, J.,**

Defendant James Edward Duckett, III, moves this court for relief under 28 U.S.C. § 2255. *See* Mot. to Vacate or Correct Sentence [ECF 394]. He raises three separate claims of ineffective assistance of counsel. *Id.* at 10. I deny all three. He also argues that his Judgment & Commitment [ECF 382] contains a scrivener's error. Def.'s Suppl. Br. [ECF 399] at 1. I agree that this error should be corrected. Thus, Mr. Duckett's motion is GRANTED in part and DENIED in part.[1]

## BACKGROUND

A jury found Mr. Duckett guilty on two counts: (1) Conspiracy to Distribute Controlled Substances, and (2) Possession with the Intent to Distribute Cocaine. Jury Verdict [ECF 241] at 2. The jury found that the quantity of cocaine involved in count (1) was between 500 and 5000

---

[1] I find that a hearing on this matter is unnecessary. *See Baumann v. United States*, 692 F.2d 565, 570–71 (9th Cir. 1982) ("Obviously, a hearing is not automatically required on every section 2255 petition."); *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (explaining that a hearing is not required "where the files and records conclusively show that the movant is not entitled to relief").

1 – OPINION AND ORDER

grams, and the quantity involved in count (2) was 500 grams or more. *Id.* Given the quantity, Mr. Duckett was in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). At sentencing, I found that a three-level "aggravating role" enhancement was appropriate, and I sentenced Mr. Duckett to 190 months on each count, to be served concurrently. J. & Commitment [ECF 279] at 2; Tr. [ECF 301] at 18.

The Ninth Circuit affirmed the convictions but vacated the sentence and remanded for resentencing. *United States v. Duckett*, 765 F. App'x 182, 184 (9th Cir. 2019). Relevant here, the Ninth Circuit held that I did not abuse my discretion by applying the three-level enhancement. *Id.* On remand, I resentenced Mr. Duckett to 145 months on each count, to be served concurrently. J. & Commitment [ECF 382] at 2.

In his present motion, Mr. Duckett alleges three instances of ineffective assistance of counsel. Mot. to Vacate or Correct Sentence [ECF 394] at 10. First, he claims that his appellate attorney refused to raise the issue of whether I should have given an instruction on specific unanimity. *Id.* at 5. Second, Mr. Duckett claims that his appellate attorney refused to argue that the sentencing enhancement should have been a two-level enhancement rather than a three-level enhancement. *Id.* at 6. Third, Mr. Duckett claims that his attorney at resentencing refused to object to the enhancement at all. *Id.* at 7–8. Additionally, in a separate filing, Mr. Duckett argues that his Judgment & Commitment [ECF 382] incorrectly states that his conspiracy conviction was in violation of 21 U.S.C. § 841(b)(1)(**A**). *See* Suppl. Br. [ECF 399] at 1.

I address his four challenges in turn.

## DISCUSSION

To succeed on his claims of ineffective assistance of counsel, Mr. Duckett must prove (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "a

2 – OPINION AND ORDER

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

I.  **Ineffective Assistance on Appeal: "Specific Unanimity" Instruction**

Mr. Duckett claims that his appellate attorney refused to challenge my decision to not give an instruction on specific unanimity. Mot. to Vacate or Correct Sentence [ECF 394] at 5. According to Mr. Duckett, his attorney ran out of time to discuss the opening brief before filing. *Id.* "While 'the accused has the ultimate authority' to decide whether to 'take an appeal,' the choice of what specific arguments to make within that appeal belongs to appellate counsel." *Garza v. Idaho*, 139 S. Ct. 738, 746 (2019) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). A defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones*, 463 U.S. at 751. "Counsel is not required to raise an untenable issue on appeal." *Rogovich v. Ryan*, 694 F.3d 1094, 1106 (9th Cir. 2012) (internal quotation marks and citation omitted).

In a declaration, Mr. Duckett's appellate attorney responds to this claim as follows:

> I have reviewed my contemporaneously taken log notes from Mr. Duckett's appeal. They reveal that, in a phone call on August 17, 2018, Mr. Duckett raised this issue with me for the first time. As I explained to him at that time, we could not add the issue because we were already at the reply brief stage. My memory from working on the case in 2018 is also that this issue was not adequately preserved for appellate review.

Bear Wilner-Nugent Decl. [ECF 406-3] ¶ 5. Mr. Wilner-Nugent agrees that he refused to raise the issue, but only because he "was legally constrained from adding a new issue, much less an unpreserved one, for the first time in a reply brief." *Id.* ¶ 8. As to Mr. Duckett's allegation that he never saw the opening brief before it was filed, Mr. Wilner-Nugent explains:

3 – OPINION AND ORDER

> I was unable to follow through on my original plan to get a draft of the opening brief to [Mr. Duckett] in the mail in his initial direct appeal before I was obligated to finalize and file the brief. At that time, I was communicating frequently with Mr. Duckett over an insecure prison email system at his vehement insistence despite my qualms about its lack of security, so we were discussing legal and logistical issues regularly that way, however. Also, I set up a phone conference before the briefing deadline in order to discuss all the legal issues in the opening brief with Mr. Duckett. That phone conference was not held, despite multiple attempts on my part, right up to the deadline, to make it happen, because the prison staff who were supposed to facilitate the connection with Mr. Duckett on their end turned out to be unavailable throughout the entirety of the day scheduled for the call. Prison staff never provided a satisfactory explanation of these circumstances to me.

*Id.* ¶ 6.

The files and records before me conclusively show that Mr. Duckett is not entitled to relief on this claim. Mr. Wilner-Nugent had the right to choose which arguments to make on appeal, and his representation did not fall below an objective standard of reasonableness. Although Mr. Wilner-Nugent was unable to share a draft of the opening brief with Mr. Duckett before he filed it, he was in frequent communication with Mr. Duckett via the prison email system. In any event, even if Mr. Duckett had asked his attorney to raise the instruction issue before the opening brief was filed, Mr. Wilner-Nugent had a permissible reason, as a matter of professional judgment, to not raise it: the issue was unpreserved. Accordingly, I deny Mr. Duckett's first claim of ineffective assistance of counsel.

## II. Ineffective Assistance on Appeal: Sentencing Enhancement

Mr. Duckett claims that his appellate attorney should have argued for a two-level enhancement rather than arguing that the enhancement should not have been applied at all. Mot. to Vacate or Correct Sentence [ECF 394] at 6. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. On this point, Mr. Wilner-Nugent states:

> When I evaluated the issues that were available to raise in Mr. Duckett's original appeal, it became clear as a strategic matter that we needed to chip away at any available sentencing factor. Preemptively conceding two thirds of this issue, as now proposed by Mr. Duckett, would not have materially aided his odds of reducing his sentence. Moreover, I have no indication in my detailed contemporaneous notes or my memory that Mr. Duckett and I ever discussed the issue before I filed my brief in the way that he now frames the issue. In the ultimate event, it appears that, at resentencing, Mr. Duckett did concede this issue in the way that he now proposes should have been done earlier. I cannot see how this procedure harmed him.

Wilner-Nugent Decl. [ECF 406-3] ¶ 10.

The files and records before me conclusively show that Mr. Wilner-Nugent's representation did not fall below an objective standard of reasonableness. I reject Mr. Duckett's second claim of ineffective assistance of counsel.

### III. Ineffective Assistance at Resentencing: Sentencing Enhancement

Mr. Duckett claims that his attorney at resentencing refused to object to the enhancement at all, a decision which hindered Mr. Duckett's ability to appeal. Mot. to Vacate or Correct Sentence [ECF 394] at 7–8. At the outset, I note that the Ninth Circuit had already affirmed my decision to apply the enhancement. *See Duckett*, 765 F. App'x at 184. In any event, Mr. Duckett's counsel at resentencing explains as follows:

> [I]n a telephone conference, Defendant Duckett told me to not object to this 3-level role enhancement. Defendant Duckett agreed with me that this objection would not have merit, and he agreed with me that the facts at trial did establish that this role enhancement should apply under the sentencing guidelines (he was a manager or supervisor, and the criminal activity involved 5 or more participants or was otherwise extensive). Further, he agreed with me that we had a better chance to receive a 1-level plus 6-months downward variance if we conceded the role enhancement issue at sentencing. Also, at no time after the above mentioned December 13, 2019 telephone call did Defendant Duckett ever ask me to object to this role enhancement.

Todd Bofferding Decl. [ECF 406-4] at 1–2. Mr. Bofferding's strategic decision, on which Mr. Duckett signed off, clearly does not fall below an objective standard of reasonableness, and I reject Mr. Duckett's third claim of ineffective assistance of counsel.

5 – OPINION AND ORDER

## IV. Scrivener's Error

Finally, Mr. Duckett argues that his Judgment & Commitment [ECF 382] incorrectly states that his conspiracy conviction was in violation of 21 U.S.C. § 841(b)(1)(**A**), when in fact the jury found him in violation of 21 U.S.C. § 841(b)(1)(**B**). *See* Suppl. Br. [ECF 399] at 1. The Government "does not oppose defendant's request to correct or amend this scrivener's error." Gov't Resp. [ECF 406] at 8. The court will amend the error.

## CONCLUSION

For the above reasons, Mr. Duckett's Motion to Vacate or Correct Sentence [ECF 394] is GRANTED in part and DENIED in part. I DENY his three claims of ineffective assistance of counsel. The files and records conclusively show that the movant is not entitled to relief on those three claims. I GRANT his request to correct the scrivener's error in his Judgment & Commitment [ECF 382].

IT IS SO ORDERED.

DATED this 21st day of May, 2021.

MICHAEL W. MOSMAN
United States District Judge